PER CURIAM.
Appellant seeks review of an order revoking his probation and sentencing him to prison. Notwithstanding his protestations to the contrary, we conclude that appellant failed timely to object to the condition of probation requiring him to “work toward obtaining G.E.D.”; that there was sufficient evidence to permit the trial court to conclude that appellant had willfully failed to comply with that condition; and that, at sentencing, the trial court was not under any misapprehension as to the condition it had earlier found to have been violated. Accordingly, we affirm. However, we remand with directions that a proper order of revocation of probation be entered.
The order of revocation of probation is incorrect in a number of material respects. Among other things, it recites that appellant had violated six conditions of his probation, whereas the trial court found that he had violated only one — that he “work toward obtaining G.E.D.”; that appellant pleaded no contest to the alleged violations, whereas he had actually denied the alleged violations and been found after an evidentiary hearing to have committed one; that the revocation hearing occurred on January 13, 1995, whereas the sentencing hearing occurred on that date, but the revocation hearing occurred on December 14, 1994; and that appellant had been represented by Russell Stewart, whereas the record reflects that he had been represented at the revocation hearing by Assistant Public Defender Bob Furey, and at the sentencing hearing by Assistant Public Defender Robert Sombathy. Finally, we note that the order was signed by a circuit judge other than the one who had presided at the relevant hearings. Accordingly, on remand we direct that an amended order of revocation of probation be prepared, correctly reciting the relevant particulars; that it be signed by Judge Clinton E. Foster; and that it then be filed with the Clerk of the Circuit Court.
AFFIRMED and REMANDED, with directions.
ERVIN, BOOTH and WEBSTER, JJ., concur.